BRYAN, Judge,
concurring specially.
I concur in the main opinion. I write specially only to make the following observations. Section 34-24-367, Ala.Code 1975, requires that the party seeking a stay of the Commission’s action establish that such action “was taken without statutory authority, was arbitrary or capricious, or constituted a gross abuse of discretion.” Typically, a court reviewing an administrative agency’s action for error on these grounds would be limited to a review of the record on appeal. See, e.g., § 41-22-20(i), Ala.Code 1975 (stating, with some exceptions, that “[i]n proceedings for judicial review of agency action in a contested case, ... a reviewing court shall not itself hear or accept any further evidence with respect to those issues of fact whose determination was entrusted by law to the agency”); and § 41-22-20(k), Ala.Code 1975 (stating the grounds on which a reviewing court may reverse or modify an agency action). In this case, however, the record on appeal was voluminous and unavailable at the hearing on the motion to stay. Accordingly, in order for there to be a meaningful review on the motion to stay, the circuit court correctly permitted the parties to submit evidence at the hearing on that motion. However, in this case, Dr. Morrison did not submit sufficient evidence to the circuit court to establish that the Commission’s order “was taken without statutory authority, was arbitrary or capricious, or constituted a gross abuse of discretion.” § 34-24-367, Ala.Code 1975.
Dr. Morrison could have sought to meet this standard by several methods. As the main opinion states:
“It can reasonably be assumed ... that the legislature authorized a circuit court to enter a stay of a medical-license revocation order under only very limited circumstances — when, for example, the revocation order indicates on its face the existence of a ground for reversal. Thus, the Commission’s order could be stayed if it were evident that the basis for revocation charged in the complaint or proved at the revocation hearing was not a ground set out in § 34-24-360 for revoking a physician’s license, or if it appeared that the members of the Commission heard no expert testimony as to the standard of care and relied upon their own knowledge in reaching a decision. Dr. Morrison, for instance, could have established that the Commission’s order was arbitrary and capricious or constituted a gross abuse of discretion by showing that no hematology or oncology expert was called to testify at the revocation hearing, but that the Commission members relied, instead, on their own general medical knowledge or upon their expertise in medical specialties other than hematology-oncology.”
13 So.3d at 409.
Dr. Morrison failed to present evidence demonstrating, by these or other methods, any of the factors established by § 34-24- *412 367 for staying the Commission’s order. “Except where judicial review is by trial de novo, the [Commission’s] order shall be taken as prima facie just and reasonable.” § 41-22-20(k), Ala.Code 1975. Absent a showing that the Commission’s order “was taken without statutory authority, was arbitrary or capricious, or constituted a gross abuse of discretion,” the Commission’s order cannot be stayed. § 34-24-367. Dr. Morrison had the opportunity during the hearing before the circuit court to present such evidence, but he failed to do so. Thus, Dr. Morrison has not demonstrated a due-process violation.